

*U.S. Department of Justice*

*United States Attorney
Eastern District of New York*

*One Pierrepont Plaza
Brooklyn, New York  11201*

*Mailing Address:*   *147 Pierrepont Street
Brooklyn, New York  11201*

February 24, 2006

**BY HAND AND FACSIMILE**

The Honorable Frederic Block
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York  11201

   Re: United States v. Gary Fama
     Criminal Docket No. 00-309 (FB)

Dear Judge Block:

  The government respectfully submits this letter in response to a question posed by the Court on February 8, 2006 and in connection with the upcoming sentencing on a violation of supervised release, scheduled for March 1, 2006 at 3:00 p.m.

## Background

  On February 8, 2006, the defendant pled guilty to Charge Two of the Violation Report, which charged the defendant with failing to notify his probation officer of his change in residence.  The defendant was also charged with three other violations: (1) Charge 1: using illegal narcotics, as evidenced by five positive urine tests for cocaine and morphine between December 8, 2003 and November 18, 2004; (2) Charge 3: engaging in new criminal conduct, as evidenced by his arrest for Criminal Possession of Marijuana in the First Degree on January 23, 2005 and subsequent guilty plea to Criminal Possession of Marijuana in the Fourth Degree, a Class A misdemeanor; and (3) Charge 4: leaving the district without permission by traveling to North Hudson, New York on January 23, 2005.

All of the violations, including Charge Two, to which the defendant pled guilty, are Class C violations. Given a criminal history category of III, the advisory Guidelines range is 5 to 11 months. On February 8, 2006, the government asked the Court to impose a sentence of eight months and to consider as relevant conduct the other charges in the Violation Report.

The Court asked the government to submit a letter explaining whether the Court can consider the defendant's conduct on the other charges in the Violation Report as "relevant conduct" in sentencing the defendant on the charge to which he pled guilty.

## Legal Analysis

The Court may consider the defendant's overall conduct while on supervision in determining an appropriate sentence. However, "relevant conduct," as defined in Section 1B1.3 of the United States Sentencing Guidelines ("USSG"), does not apply in the context of a sentencing on a violation of supervised release. Unlike sentencing on an original offense, where "relevant conduct" must be considered by the Court in determining the Guidelines range, the advisory Guidelines range for a violation of supervised release is based only on two factors: the grade of the violation and the defendant's criminal history category at the time of his original sentencing.

However, the district court may take into account other factors and information in sentencing a defendant for a violation of supervised release. In fact, the district court has "broad discretion" to impose a sentence up to the statutory maximum. See United States v. Pelensky, 129 F.3d 63, 69 (2d Cir. 1997).

Section 3583(e) of Title 18 of the United States Code requires a judge determining an appropriate sentence for violation of supervised release to "consider" most of the factors listed in section 3553(a). See United States v. Fleming, 397 F.3d 95, 97-98 (2d Cir. 2005). Included among the factors to be considered are "the nature and circumstances of the offense and the history and characteristics of the defendant," see 18 U.S.C. § 3553(a)(1), "the need for the sentence imposed to afford adequate deterrence to criminal conduct," see id. at § 3553(a)(2)(B), and applicable policy statements issued by the United States Sentencing Commission pursuant to 28 U.S.C. § 994(a)(3) concerning revocation of supervised release, see id. at § 3553(a)(4)(B). See also Fleming, 397 F.3d at 97-98.

A sentence imposed for a violation of supervised release will be affirmed provided that (1) the district court considered the applicable policy statements; (2) the sentence is within the statutory maximum; and (3) the sentence is reasonable. Pelensky, 129 F.3d at 69.  A court is not required to make "explicit, detailed findings" in this context, nor is it required to weigh factors in a particular fashion.  Id.

The "Background" section of the Application Note to USSG §7B1.5 states in relevant part:

> Other aspects of the defendant's conduct, such as compliance with supervision conditions and adjustments while under supervision, appropriately may be considered by the court in the determination of the sentence to be imposed within the applicable revocation range.

In the instant case, the government requests a sentence of eight months, which falls in the middle of the advisory Guidelines range of 5 to 11 months.  A sentence of eight months is well within the statutory maximum of two years and is a reasonable sentence given the defendant's overall "poor" adjustment to supervision.  See Violation Report at 7; Addendum at 3.

As noted in the Violation Report, after the defendant provided a number of positive urine tests, his supervision was assigned to a Drug Treatment Specialist in June 2004.  When the defendant failed to report as directed on December 23, 2004, the Probation Officer visited the defendant's residence and learned that he had moved out without advising his Probation Officer.

The Violation Report and the Addendum note that the defendant has been arrested while on supervision.  On December 22, 2003, the defendant was arrested for First Degree Robbery and Use of a Dangerous Weapon.  This charge was later dismissed.  On January 23, 2005, the defendant was arrested in North Hudson, New York for Criminal Possession of Marijuana in the First Degree, a Class C felony, after police found a bag containing 19 pounds of marijuana inside the trunk of a car the defendant was riding in as a passenger.  On January 27, 2005, the defendant pled guilty to Criminal Possession of Marijuana in the Fourth Degree, a Class A misdemeanor, and was sentenced to time-served and a $1000 fine.  The Probation Department included the Certificate of Disposition for this conviction in the Addendum to the Violation Report.

3

Due to the defendant's pattern of noncompliance while on supervised release, including a conviction for possession of marijuana, the government respectfully requests a sentence of eight months with a term of supervised release to follow, as recommended by the Probation Department.[1]

        Respectfully submitted,

        ROSLYNN R. MAUSKOPF
        United States Attorney

By: _____
    Carrie Capwell
    Assistant U.S. Attorney
    (631) 715-7836

cc:  Florian Miedel, Esq.
    USPO Trevor Reid
    Clerk of Court (ECF)

---

[1] The Court should reject the defendant's request for time-served based on an argument that the defendant already served one year in custody on a parole revocation. The defendant violated the conditions of supervision imposed by this Court and, as such, should be sanctioned for his breach of trust to this Court. See USSG Ch.7, Pt. A at 3(b) (noting that at revocation, the court should sanction primarily the defendant's breach of trust).